# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARSHALL SYLVER, | Case No.: 2:09-cv-00855-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#22) |
| MARGARET MATHIS, individually and as a partner of the MATHIS FAMILY LIMITED PARTNERSHIP, HAROLD MATHIS, JR., individually and as a partner of the MATHIS FAMILY LIMITED PARTNERSHIP, | |
| Defendants. | |

Before the Court is Defendants Margaret Mathis and Harold Mathis' **Motion for Summary Judgment** (#22, filed Oct. 7, 2010). The Court has also considered Plaintiff Marshall Sylver's Opposition (#23, filed Oct. 21, 2010), Defendants' Reply (#24, filed Nov. 1, 2010), and Defendant's Supplemental Brief (#36, filed April 21, 2011). Despite the Court's Order (#35), Sylver failed to file supplemental briefing.

## BACKGROUND

This dispute arises from a loan that Sylver made to Defendants' son Benjamin in late June 2007. Sylver contends that he relied on certain financial statements that Defendants sent

to Benjamin so that Benjamin could prove his financial ability to repay the loan. Benjamin, however, never repaid the loan and filed for bankruptcy in October.

Subsequent to Benjamin filing for bankruptcy, Sylver filed suit against Defendants in the Eighth Judicial District Court of the State of Nevada alleging claims for (1) fraud; (2) fraud in the inducement; (3) racketeering under NRS § 207.470; (4) negligent misrepresentation; (5) damages; (6) punitive and exemplary damages; (7) attorney fees, litigation expenses, and court costs; and (8) pre-judgment and post-judgment interest. Defendants then timely removed the case to this Court based on diversity jurisdiction. On October 27, 2010, Defendants filed the present motion for summary judgment. On April 7, the Court ordered supplemental briefing from both parties, however, only Defendants filed a supplemental brief. For the reasons discussed below, the Court grants the motion.

**DISCUSSION**

**I.    Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983)

1   (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)).  In evaluating a
2   summary judgment motion, a court views all facts and draws all inferences in the light most
3   favorable to the nonmoving party.  *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d
4   1100, 1103 (9th Cir. 1986).
5          The moving party bears the burden of showing that there are no genuine issues of
6   material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In order to carry
7   its burden of production, the moving party must either produce evidence negating an essential
8   element of the nonmoving party's claim or defense or show that the nonmoving party does not
9   have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."
10  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the
11  moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to
12  "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.
13  The nonmoving party "may not rely on denials in the pleadings but must produce specific
14  evidence, through affidavits or admissible discovery material, to show that the dispute exists,"
15  *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply
16  show that there is some metaphysical doubt as to the material facts."  *Bank of America v. Orr*, 285
17  F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of
18  evidence in support of the plaintiff's position will be insufficient."  *Anderson*, 477 U.S. at 252.
19  **II.     Analysis**
20         Before directly addressing the motion, the Court would like to take this opportunity
21  to remind Sylver's counsel that, absent rare circumstances not applicable here, the Federal Rules of
22  Civil Procedure apply in federal court, not the Nevada Rules of Civil Procedure.
23         **A.     Fraud and Fraud in the Inducement**
24         Sylver has failed to demonstrate actionable fraud.  Under Nevada law, a claim for
25  fraud (or fraud in the inducement) requires a party to prove each of the following elements: (1) a
26  false representation; (2) knowledge or belief that the representation was false (or knowledge that

1  the defendant had an insufficient basis for making the representation); (3) intent to induce the
2  plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation;
3  and (5) damage resulting from such reliance. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis,*
4  *Inc.*, 89 P.3d 1009, 1017 (Nev. 2004).  Sylver cannot show justifiable reliance and, therefore, has
5  not met his burden to set forth specific facts showing a genuine issue for trial on either his fraud or
6  fraud in the inducement claims.
7        Here, Sylver claims that he relied on the financial information that Defendants sent
8  to Benjamin in making his decision to loan Benjamin $500,000.00.  The problem with this
9  argument is that Margaret Mathis testifies that she sent the financial information to Benjamin on
10 August 10, 2007, (Dkt. #23, Resp. Ex. 1, Margaret Mathis Dep. 18, 21–22), but Sylver made the
11 loan more than a month earlier, on June 25, (Dkt. # 22, Mot. Ex. H, Promissory Note dated June
12 25, 2007).  It is inconceivable that Sylver relied on financial documents sent on August 10 in
13 making a loan on June 25.  Since Sylver fails to present evidence disputing Margaret Mathis'
14 testimony, Sylver cannot show that he relied on Defendants' representation regardless of the
15 representations accuracy or falsity.  Therefore, the Court grants summary judgement on this claim.
16     **B.**    **Negligent Misrepresentation**
17       The Nevada Supreme Court has adopted the Restatement (Second) of Torts § 552
18 definition of negligent misrepresentation as follows:

> "One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

*Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998).  As discussed above, Sylver could not have relied on Defendants' representation since Margaret Mathis sent the documents after Sylver already made the loan.  Accordingly, the Court grants summary judgment against Sylver on this claim.

### C. Racketeering

Sylver fails to present any evidence amounting to racketeering under Nevada law. This is especially so as Sylver's underlying fraud claims fail. Therefore, the Court grants summary judgment on Sylver's racketeering claim.

### D. Damages

Finally, the Court, grants summary judgment on Sylver's sundry damages claims as they are not actually claims, but prayers for relief. Also, even if they were legitimate claims, they would necessarily fail as the underlying claims fail.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#22) is GRANTED. The Clerk of the Court is directed to close this case.

Dated: April 22, 2011.

_____
ROGER L. HUNT
Chief United States District Judge