# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARSHALL SYLVER, individually, | Case No.: 2:09-cv-00855-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Set Aside–#39) |
| MARGARET MATHIS, individually and as a partner of the MATHIS FAMILY LIMITED PARTNERSHIP; HAROLD MATHIS, JR., individually and as a partner of the MATHIS FAMILY LIMITED PARTNERSHIP; DOE DEFENDANTS I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

Before the Court is Plaintiff Marshall Sylver's **Motion to Set Aside Judgment** (#39, filed Apr. 20, 2012) based on his prior attorney's gross and inexcusable neglect. The Court has also considered Defendants Margaret and Harold Mathis' Opposition (#40, filed May 7), and Sylver's Reply (#43, filed May 17).

## BACKGROUND

This dispute arises from a loan that Sylver made to Defendants' son Benjamin in late June 2007. Sylver contends that he relied on certain financial statements that Defendants sent

1

AO 72
(Rev. 8/82)

to Benjamin so that Benjamin could prove his financial ability to repay the loan. Benjamin, however, never repaid the loan and filed for bankruptcy in October.

Subsequent to Benjamin filing for bankruptcy, Sylver filed suit against Defendants in the Eighth Judicial District Court of the State of Nevada alleging claims for (1) fraud; (2) fraud in the inducement; (3) racketeering under NRS § 207.470; (4) negligent misrepresentation; (5) damages; (6) punitive and exemplary damages; (7) attorney fees, litigation expenses, and court costs; and (8) pre-judgment and post-judgment interest. Defendants then timely removed the case to this Court based on diversity jurisdiction. On October 27, 2010, Defendants filed a motion for summary judgment. Sylver's then counsel, Matthew Q. Callister, opposed the motion and attached a financial statement Margaret Mathis sent Benjamin after Sylver had made the loan at issue in this dispute. The Court ordered supplemental briefing on the issue of when the financial statement was sent and when the loan was made. Defendants filed a supplemental brief, however Callister did not. The Court, then, granted summary judgment in Defendants favor.

Sylver has now filed a motion to set aside the court's entry of judgment claiming that Callister was grossly negligent in opposing the motion for summary judgment and abandoning his client. Sylver claims that Callister never informed his client of the pending motion for summary judgment or discussed how to oppose it, never obtained a declaration from Sylver which may have demonstrated a material question of fact to defeat summary judgment, and never informed Sylver after the grant of summary judgment that summary judgment had been entered in this case. Sylver apparently had to seek out another attorney to review PACER records to discover that his case had been dismissed because Callister ceased responding to Sylver's efforts to contact him. Sylver also contends that had Callister sought more discovery or presented evidence that was available to him, the Court would not have granted summary judgment, but rather would have proceeded to trial. Despite these arguments and for the reasons discussed below, the Court denies Sylver's motion.

/

**DISCUSSION**

**I.      Standard**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b).  Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.  *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).  "[W]here the client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6)."  *Comty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002).

**II.     Analysis**

Sylver argues that the summary judgment entered against him is more akin to a default judgment than an actual decision on the merits of his case because Callister effectively abandoned him.  To support this argument Sylver claims that Callister should not have relied on the evidence he did in opposing the motion for summary judgment.  Rather, Sylver argues Callister should have presented the Court with two financial statements Benjamin Mathis sent Sylver prior to Sylver extending the loan.  To support the relevance of these financial statements, Sylver states in his declaration that he had requested these documents from Benjamin over the phone and that Benjamin obtained them from his mother, Margaret Mathis.  (Dkt. #39, Ex. 1, Decl. of Marshall Sylver, ¶ 7.)  Specifically, while on the phone with Benjamin, Sylver testified that he heard Benjamin say "Mom, I just need our current family partnership statements for a deal I'm doing," and asking her to fax them to him.  (*Id.*)  Sylver later received two financial statements from Benjamin which Benjamin has since admitted to having forged.  (*Id.*, Ex. 7, Depo. of Benjamin

AO 72
(Rev. 8/82)

Mathis 128:8-129:24.) Sylver also argues that Callister should have presented evidence that the Mathises had loaned over $5,000,000 to their son over the prior fourteen months which would have shown that the Mathises knew their son was gambling and in trouble with debts and complicit in defrauding his creditors. The Court disagrees with Sylver's arguments.

The summary judgment entered against Sylver was not akin to a default judgment and, thus, the Court need not set aside the judgment. First, even assuming that Callister had presented the Court with the evidence Sylver now presents, the Court would have granted summary judgment. Sylver's testimony as to what Benjamin said on the phone is hearsay and is not actual evidence that Margaret Mathis was on the other line or that Margaret Mathis faxed her son the financial statements Sylver purportedly relied upon. This evidence does not create a genuine issue of material fact as to whether the Mathises defrauded Sylver, just as to what Benjamin did. Second, the Court fails to see how evidence of the Mathises giving or loaning their son millions of dollars prior to Sylver's loan is evidence that the Mathises defrauded Sylver.

Finally, even assuming one of these two issues may have created a genuine issue of material fact, Callister's (theoretically) faulty opposition to the motion for summary judgment does not rise to the grossly negligent level required for Rule 60(b)(6) relief. The cases Sylver cites (that don't deal with an actual default judgment) dealt with attorneys who entirely failed to oppose motions and failed to appear at mandatory court proceedings. *See, e.g.*, *Spates-More v. Henderson*, 305 F. Appx. 449 (9th Cir. 2008). Here, Callister did oppose the motion, just in a way Sylver disagrees with and that may have been negligent. The Court then granted summary judgment on the merits, not because Callister failed to file an opposition. Thus, these circumstances are not the "extraordinary circumstances" required by Rule 60(b)(6).[1] Accordingly, the Court denies the motion.

---

[1] The Court notes that Sylver may still file a complaint with the State Bar and file an action for malpractice against Callister.

4

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Sylver's Motion to Set Aside (#39) is DENIED.

Dated: May 30, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**

5

AO 72
(Rev. 8/82)